IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clarence L. Rhodes, | ) | C/A No.: 1:20-1725-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Clarence L. Rhodes ("Petitioner"), proceeding pro se and in forma pauperis, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). This matter is before the court on Petitioner's motion for bond and expedited review. [ECF No. 14]. For the reasons that follow, Petitioner's motion is denied.

I.   Factual and Procedural Background

On December 3, 2013, a federal grand jury returned an Indictment charging Petitioner with the following: Count 1 – felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); Count 2 – possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Count 3 – possessing a firearm in furtherance of a drug-trafficking crime, in violation of

18 U.S.C. § 924(c). *Rhodes v. Dobbs*, Cr. No. 0:13-1041-JFA ("*Rhodes I*") at ECF No. 3. A writ issued and Petitioner made his first appearance in federal court on December 16, 2013. *Id.* at ECF Nos. 5, 6, 12, 14, 15, 18. After the Government moved for detention, Petitioner waived his right to a detention hearing and was ordered detained. *Id.* at ECF Nos. 15, 20. A plea agreement was filed April 10, 2014, in which Petitioner agreed to plead to Count 1, the felon-in-possession charge. The plea agreement contained paragraphs in which the Government agreed to dismiss the remaining counts of the indictment. The plea agreement also contained a forfeiture provision, a non-binding recommendation to state authorities that Petitioner not be prosecuted for any state crimes arising out of the same incident, a provision in which Petitioner expressed satisfaction with his trial counsel, and a paragraph in which Petitioner waived his rights to seek documents pursuant to the Freedom of Information Act. *Id.* at ECF No. 42, ¶¶ 3, 5–9. Petitioner entered his guilty plea on April 23, 2014. *Id.* at ECF Nos. 44–45. The district court sentenced Petitioner to 120 months imprisonment and three years of supervised release. *Id.* at ECF Nos. 53–56. The Judgment and Commitment was filed September 9, 2014. Petitioner did not file a notice of appeal.

Petitioner filed this §2241 challenging his conviction under 18 U.S.C. § 922(g) in light of the Supreme Court's opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding to establish a violation of section 922(g), the

government must prove the defendant had knowledge of the facts that made his possession of a firearm or ammunition unlawful). On March 25, 2020, the Fourth Circuit Court of Appeals issued its opinion in *United States v. Gary*. The Court held Gary's plea was not knowingly and intelligently made and the district court's error in accepting the plea without giving Gary notice of an element of the § 922(g) offense was structural. Slip Op. at 2. The Fourth Circuit denied *en banc* rehearing of the panel decision in *Gary*, but the mandate has not issued.

II.   Discussion

    A.   Bond

Petitioner argues he is entitled to bond pursuant to Fed. R. App. P. 23. In the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quotations omitted); *see also United States v. Perkins*, 53 F. App'x 667 (4th Cir. 2002).

In the present case, the district court has not issued a decision on Petitioner's habeas petition. Accordingly, Fed. R. App. P. 23 is not applicable, as the case is not on appeal. *See Martin v. Coakely*, 2016 WL 4874364 (S.D.W.V. June 9, 2016) ("[A]s apparent from the language of the various subsections of Rule 23, such rule is applicable only in the context of 'a review of a decision. . .' *See* Fed. R. App. P. 23(b) and (c). Hence this rule 'applies only when a habeas action is before the court of appeals on review of a district court's decision.'" (citing *Mitchell v. McCaughtry*, 291 F. Supp.2d 823, 835 (E. D. Wisc. 2003))). Therefore, because Fed. R. App. P. 23 is not applicable to Petitioner, his motion for bond is denied.

B.     Expedited Review

Petitioner's motion is also labeled as a motion for expedited review. The court denies Petitioner's request and will consider the petition in the normal course. The court has many petitions based on the same grounds as the instant case, many of which were filed prior to this one. As noted in the opinion denying en banc proceedings "[m]any, many cases await the resolution of this question." Slip Op. at 2. Although Petitioner cites concerns over COVID-19, he has presented no evidence of medical conditions showing he is at greater risk of contracting the virus, or suffering more harmful affects from the virus, as the many prisoners in the same position as Petitioner. His request for expedited review is therefore denied.

III.  Conclusion

For the foregoing reasons, Petitioner's motion for bond and expedited review is denied.

IT IS SO ORDERED.

July 16, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge