IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence L. Rhodes,<br><br>       Petitioner,<br>vs.<br><br>Warden Bryan K. Dobbs,<br><br>       Respondent. | C/A No. 1:20-cv-1725-JFA-SVH<br><br><br><br>**ORDER** |

This matter is before the Court on Clarence L. Rhodes' ("Petitioner") appeal (ECF No. 29) of the Magistrate Judge's Order denying his request for bond and subsequent Order on the motion for reconsideration. (ECF Nos. 20 & 26). For the reasons discussed below, the Court denies Petitioner's appeal.

Petitioner, proceeding pro se and in forma pauperis, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner filed this §2241 challenging his conviction under 18 U.S.C. § 922(g) in light of the Supreme Court's opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding to establish a violation of section 922(g), the government must prove the defendant had knowledge of the facts that made his possession of a firearm or ammunition unlawful). On March 25, 2020, the Fourth Circuit Court of Appeals issued its opinion in *United States v. Gary*. The Court held Gary's plea was not knowingly and intelligently made and the district court's error in accepting the plea without giving Gary notice of an element of the § 922(g) offense was structural. Slip Op. at 2. The Fourth Circuit denied en banc rehearing of the panel decision in Gary, but the mandate has not issued.

Petitioner argued before the Magistrate Judge that he is entitled to bond pursuant to Fed. R. App. P. 23. (ECF No. 20). In the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989). After this request was denied, Petitioner filed a motion to reconsider in which he argued he has met the standard in *United States v. Eliely*, 276 F. App'x 270, (4th Cir. 2008), because he has shown substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective. The Magistrate Judge again disagreed with this argument and denied Petitioner's request for bond. (ECF No. 26). Accordingly, Petitioner has appealed that decision to this Court and avers that "under Eliely's 2-prong test [he] has met the requirements for bond under collateral review." (ECF No. 29). In a later supplement, Petitioner again "ask[s] for bond." (ECF No. 31).

After a careful review of the record in this case, the Court concludes that the orders objected to are not clearly erroneous or contrary to law.

Review of a Magistrate Judge's decision on non-dispositive matters, such as discovery, is deferential, and a Magistrate Judge's Order on such issues will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); *Owens v. Stirling*, No. 015MC00254TLWPJG, 2016 WL 3397586, at 2 (D.S.C. June 21, 2016). A decision "is clearly erroneous when although there is evidence to support it, the reviewing Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Within his appeal and supplement, Petitioner's objections offer nothing more than bare assertions the he has met the standard for release set forth in *United States v. Eliely*, 276 F. App'x 270, (4th Cir. 2008). "Before a prisoner may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *Id.*

Here, a review of the record clearly shows that the Magistrate Judge correctly concluded that Petitioner has failed to show exceptional circumstances making a grant of bail necessary. Petitioner's cited circumstances, namely that his race (African American) and age (over 40) place him at such a high risk for contracting COVID-19, fail to constitute exceptional circumstances. The Court finds Petitioner's objection is without merit. Therefore, the Court overrules this objection.

Accordingly, the Court denies Petitioner's appeal and overrules his objections. (ECF No. 29). The Court affirms the Magistrate Judge's Orders. (ECF No. 20& 26). This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

October 2, 2020                         Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge