IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence L. Rhodes,<br><br>      Petitioner,<br><br>vs.<br><br>Warden Bryan K. Dobbs,<br><br>      Respondent. | C/A No. 1:20-cv-1725-JFA-SVH<br><br><br>**ORDER** |

### I.  INTRODUCTION

*Pro se* petitioner Clarence L. Rhodes ("Petitioner"), a federal prisoner, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for review. Thereafter, Respondent moved for summary judgment. (ECF No. 41).

After reviewing the Petition and motion for summary judgment, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opined that this petition should be dismissed without prejudice for lack of jurisdiction and the court should further deny Respondent's motion for summary judgment as moot.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

(ECF No. 45). The Report set forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Within his petition, Petitioner seeks to avail himself of the savings clause within 28 U.S.C. § 2255(e)[2] based on the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019). Within the Report, the Magistrate Judge held that that Petitioner failed to satisfy the savings clause of 28 U.S.C. § 2255(e) because he could not show that he relied on a substantive change in the law that rendered the conduct for which he was convicted not criminal. *See In re Jones*, 226 F.3d 328, 333-34 (2000).

In response, Petitioner filed objections on February 5, 2021. (ECF No. 49). Accordingly, this matter is ripe for review.

II.     **LEGAL STANDARD**

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[2] A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the relevant facts is necessary to properly address Petitioner's objection.

Petitioner contends that his prior felon-in-possession conviction should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that, to prove an offense under 18 U.S.C. §§ 924(a)(2) and 922(g), the government must prove the defendant knew he possessed a firearm and knew he belonged to a category of persons barred from possessing a firearm at the time of possession, and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), cert. granted, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021), which held on direct appeal that the district court made a structural error necessitating the defendant's conviction be vacated where the court, prior to accepting the defendant's guilty plea, failed to inform the defendant that the government was required to prove that he knew he belonged a class of persons barred from possessing a firearm. Although Respondent argued several grounds for dismissal within the motion for summary judgment, the Magistrate Judge ultimately concluded that this court lacked jurisdiction of over the petition, because Petitioner could not meet the second prong of the savings clause contained in §2255.

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge

4

his federal conviction or sentence under § 2241, unless he can satisfy the § 2255 savings clause. 28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he can demonstrate that a §2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019). A petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of the petitioner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Wheeler*, 886 F.3d at 427 (citing *Jones*, 226 F.3d at 333–34). The failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived. *Id.* When "evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Because Petitioner was convicted in this Court, the Court will apply the substantive law of the Fourth Circuit Court of Appeals to analyze the petition.

As held by this Court previously, the Magistrate Judge concluded that "*Rehaif* did not create a substantive change in the law but simply clarified the elements that the Government would have had to prove at trial had Petitioner exercised his right to a trial." (ECF No. 45, p. 13)(collecting cases).

Petitioner sets forth one objection to the Report: "Petitioner challenged conviction and sentence and met prong (2) of Jones & Wheeler test due to retroactive application of Rehaif due to U.S. Supreme Ct interpreting 18 U.S.C. 922(g) statute enacted by congress. The district court has jurisdiction over the 28 U.S.C. 2241 habeas petition." (ECF No. 49). Here, it appears Petitioner disagrees with the Magistrate Judge's findings, but offers no support or argument as to why the conclusion is incorrect. The Report correctly held that Petitioner failed to meet the savings clause and further stated that "to the extent Petitioner challenges the validity of his sentence rather than the validity of his conviction, he cannot meet the savings clause under the Fourth Circuit's analysis in *Wheeler*, 886 F.3d 415, because *Rehaif* has not been held to be retroactive on collateral review." (ECF No. 45, p. 15)(citations omitted). Accordingly, Petitioner's objections are overruled.

This court would also note that other judges within this district have concurred in their opinions that prisoners asserting § 2241 motions which seek relief pursuant to *Rehaif* are unable to avail themselves of the savings clause as delineated in *Jones* and *Wheeler*. Specifically, "[s]ince <u>*Rehaif*</u>, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted is still illegal." *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020); *see also Asar v. Travis*, No. CV 6:20-394-BHH, 2020 WL

6

3843638, at *2 (D.S.C. July 8, 2020) ("being a felon in possession of a firearm remains a valid criminal offense"); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); *Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019). Thus, Petitioner here likewise fails to satisfy the second prong of the savings clause test as the conduct for which he was convicted remains criminal. Consequently, this court lacks jurisdiction to adjudicate Petitioner's claims. *See United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018) (holding that the failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived).

 Therefore, the court adopts the Report and Petitioner's objections are overruled because he cannot satisfy the savings clause.

7

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Reports and Recommendations. (ECF No. 45). Petitioner's petition is dismissed without prejudice because this court lacks jurisdiction. Consequently, Respondent's motion for summary judgment (ECF No. 41) is denied as moot.

Further, because Petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied. 28 U.S.C. §2253(c)(2). [3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 3, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).